460 So.2d 51 (1984)
Mr. & Mrs. Albert J. DAIGLE, Jr.
v.
OAKWOOD HOMES, INC., et al.
No. 83 CA 1276.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*52 William E. LeBlanc, White Castle, for plaintiff-appellant.
John Swanner, Horace C. Lane and Daniel G. McDowell, Baton Rouge, for defendant-appellee.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
This appeal arises out of a suit for recission of the sale of a mobile home or, in the alternative, for reduction of the purchase price.

FACTS
On April 11, 1979, Albert and Darlene Daigle purchased from Oakwood Homes, Inc. a new 1978 Carrousel mobile home, which had been manufactured by Sunshine Homes, Inc. Shortly after the purchase, plaintiffs discovered numerous structural and workmanship defects in their home. Plaintiffs advised both the seller and the manufacturer of the defects, but despite plaintiffs' demands, the defects were never satisfactorily repaired.
Plaintiffs filed suit on April 24, 1980, seeking recission of the sale or, in the alternative, reduction of the purchase price. By amended petition, plaintiffs named as defendant Millers Mutual Fire Insurance Company of Texas (Millers Mutual), who had in full force and effect a bond covering Oakwood Homes, Inc.[1]
The trial court rendered judgment in favor of plaintiffs and against Oakwood Homes, Inc. and their bonding company, Millers Mutual, for $3500.00 in damages plus $750.00 for attorney fees and against Sunshine Homes, Inc. for $1,500.00 in damages plus $750.00 for attorney fees.
Millers Mutual filed a motion for reconsideration before the formal entry of judgment, contending that the bond does not cover claims of the nature asserted by plaintiffs in this case. The trial judge granted defendant's motion and dismissed plaintiffs' suit against Millers Mutual.
From this judgment, plaintiffs perfected this appeal. Plaintiffs' sole assignment of *53 error is that the trial judge erred in finding that the bond executed by Millers Mutual did not cover claims of the nature asserted by plaintiffs in this case, viz., claims for redhibitory defects.

ARGUMENT
Millers Mutual executed a surety bond with Oakwood Mobile Homes, Inc. in favor of the Motor Vehicle Commissioner for the State of Louisiana, in the sum of $5,000.00. The conditions of the bond, executed in conformity with LSA-R.S. 32:718(D)[2], are as follows:
[The dealer] shall fully comply with the conditions of any written contract made by him as such dealer in connection with the sale or exchange of any motor vehicle; and shall pay or cause to be paid by any person any loss or damages which any person shall sustain as a result of any failure to comply with the conditions of any written contract made by such dealer in connection with the sale or exchange of any motor vehicle or as a result of any violation of the provisions of Chapter 4 of Title 32 of the Louisiana Revised Statutes of 1950 or any other law of Louisiana in the conduct of the business for which he is licensed.
The language of the bond closely follows the language of the statute as it read prior to amendment in 1981. It is designed to protect the purchaser from the unscrupulous motor vehicle dealer.
In the case sub judice, there was no failure on the part of Oakwood Homes to deliver and set-up the mobile home purchased by the Daigles in accordance with the written agreement. There were no misrepresentations relating to the identity of the vehicle or any other unscrupulous dealings on the part of Oakwood Homes, Inc. Plaintiffs' chief complaint was that the mobile home was defective and had been improperly set-up. Furthermore, we do not interpret the bond to be applicable to a situation where the defects in a mobile *54 home result in a judgment in quanti minoris in favor of a purchaser, based on a seller's implied warranties of fitness. Cf. Ashley v. Volkswagen of America, Inc., 380 So.2d 702 (La.App. 4th Cir.1980).
Statutory bonds must be strictly construed. Long Bell Lumber Co. v. S.D. Carr Const Co., 172 La. 182, 133 So. 438 (1931); State v. Read, 164 La. 315, 113 So. 860 (1927). See also Boudreaux v. Puckett, 611 F.2d 1028 (5th Cir.1980). Considering the above and the purpose of the statute relating to the requirements of the bond, we find that the trial judge was correct in concluding that Millers Mutual's bond does not cover plaintiffs' claims in redhibition.
For these reasons, the judgment of the trial court is affirmed. Appellants are cast for the costs of this appeal.
AFFIRMED.
NOTES
[1] Millers Mutual moved for summary judgment, which was denied by the trial court.
[2] Prior to amendment in 1981, LSA-R.S. 32:718(D) provided as follows:

On and after January 1, 1969, annually, before any license shall be issued to a dealer, the applicant shall deliver to the commissioner a good and sufficient surety bond, executed by the applicant as principal and by a surety company qualified to do business in Louisiana as surety, in the sum of five thousand dollars. Such bond shall be in a form to be approved by the commissioner and shall be conditioned that the dealer shall comply with the conditions of any written contract made by such dealer in connection with the sale or exchange of any motor vehicle and shall not violate any of the provisions of this Chapter or any other law of Louisiana in the conduct of the business for which he is licensed. Such bond shall be payable to the commissioner and to his successors in office, for the use, benefit, and indemnity of any persons who shall suffer any loss as a result of any violation of the conditions hereinabove contained. Such bond shall be for the license period and a new bond or a proper continuation certificate shall be delivered to the commissioner at the beginning of each license period; provided however, that the aggregate liability of the surety in any one year shall in no event exceed the sum of such bond.
"The term `dealer' as used in this Section shall not include any person engaged in the business of buying, selling or exchanging the following:
"Used motor vehicles solely for their scrap metal, when purchased from a licensed dismantler.
LSA-R.S. 32:718(D) currently provides:
On and after January 1, 1982, annually, before any license shall be issued to a dealer or a wrecker, the applicant shall deliver to the commissioner a good and sufficient surety bond, executed by the applicant as principal and by a surety company qualified to do business in Louisiana as surety, in the sum of ten thousand dollars for a dealer and five thousand dollars for a wrecker. Such bond shall be in a form approved by the commissioner and shall be conditioned to pay all loss, damages, and expenses that may be occasioned by reason of the failure of title or by reason of any fraudulent misrepresentation and/or breaches of warranty as a freedom from liens. It shall be further conditioned to guarantee the proper disposition of any sales tax collected by the dealer, or wrecker at the time of a transaction. In no event shall the coverage of the bond extent to any lender or financial institution in connection with the financing of a motor vehicle. The bond shall be for the license period, and a new bond or proper continuation certificate shall be delivered to the commissioner at the beginning of each license period; however the aggregate liability of the surety shall in no event exceed the sum of the bond regardless of the number of years it is continued in force.