JOHN S. COVINGTON, Judge Pro Tern.
Ms. Linda Aymami (hereinafter sometimes referred to as appellant) appeals the trial court judgment which acknowledged her right, but temporarily denied, her entitlement to permanent alimony; denied past due child support, court costs and attorney’s fees and failed to hold her ex-husband, Mr. Richard Aymami, in contempt of court.
We affirm.
After a separation judgment in favor of Ms. Aymami, Mr. Aymami filed suit for divorce, requesting that the existing joint custody arrangement be changed to allow him to have physical custody of the children for five days out of the week, and Ms. Aymami to have custody the remaining two days per week. He further asked for a reduction in the amount of child support previously awarded by the court. In a consent judgment entered into on May 13, 1983, Mr. Aymami was granted a divorce and awarded joint custody as prayed for. Moreover, he was ordered to pay child support in the amount of Twenty and no/100 ($20.00) Dollars per day for each day defendant had custody of the minor children. Thereafter, Ms. Aymami filed a motion to dissolve joint custody and to set permanent alimony. Mr. Aymami answered and reconvened to dissolve joint custody. At the hearing on the motion, the trial judge ordered Ms. Aymami’s visitation privileges discontinued for approximately six (6) weeks, finding a program of family therapy required. Moreover, he refused to disturb joint custody of the children as previously ordered. The trial judge found that Ms. Aymami was entitled to permanent alimony but temporarily denied it, based upon Mr. Aymami’s poor financial condition; further, he denied past due child support, court costs and attorney’s fees, and refus *63 ed to find Mr. Aymami in contempt of court. From this ruling Ms. Aymami appeals, asserting nine assignments of error. As four assignments of error were not briefed, they are considered abandoned. Uniform Rules-Court of Appeal, Rule 2-12.-4.
Ms. Aymami asserts that the trial court erred in:
(1) failing to order Mr. Aymami to pay child support and post divorce alimony;
(2) failing to hold Mr. Aymami in contempt of court and to order him to pay all past due child support from date of consent judgment until the present time plus all court costs, attorney’s fees and judicial interest from date of demand;
(3) canceling the child support custody agreement;
(4) holding that the child support was extinguished by mutual consent; and
(5) holding that Ms. Aymami failed to prove back child support was due.
ASSIGNMENTS OF ERROR, NUMBERS 1, 2, 4, and 5
Appellant in essence asserts that the trial court erred in its findings of fact. Specifically, she contends that (1) Mr. Aymami owed back child support, (2) should be held in contempt for refusing to pay same, and (3) should pay court costs and attorney’s fees. Further, she contends that the record shows he is financially capable of paying child support and permanent alimony.
It is well settled that the trial court’s findings of fact are entitled to great weight and will not be disturbed on appeal absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Moreover, the trial court has great discretion in considering alimony and child support payments and its judgment in such matters will not be disturbed on appeal in the absence of a clear showing of abuse. Bonfanti v. Bonfanti, 431 So.2d 82 (La.App. 1st Cir.1983).
In the matter sub judice, the trial court found that the appellant had failed to prove that back child support was due. We agree. In the May 13, 1983 consent judgment, Mr. Aymami agreed to pay $20.00 per day for every day that Ms. Aymami had custody of the minor children. He complied with this agreement until approximately mid-June when he refused to allow Ms. Aymami custody of the children. Such refusal was based upon the advice of his counsel and social workers. We find as did the trial court that Mr. Aymami’s action was in the best interest of the children. Moreover, according to the terms of the consent judgment, Mr. Aymami was not required to pay child support if Ms. Ayma-mi failed to have custody of the children. Thus, the trial court did not manifestly err in concluding that back child support was not due, Ms. Aymami never having had custody. Having found such, the trial judge was correct in refusing to hold Mr. Aymami in contempt of its order or in ordering him to pay court costs and attorney’s fees. The record shows that he was deeply indebted due to back taxes owed by the community and was financially unable to pay anything but nominal child support and/or permanent alimony. Having found that anything but a nominal amount would be oppressive, the court declined to award child support and permanent alimony to Ms. Aymami at this time, specifically reserving her right to claim it at a later time. We find the trial court did not err in its conclusions. These assignments of error are without merit.
ASSIGNMENT OF ERROR NUMBER 3
The appellant contends that the trial court erred in canceling the parties’ child support and custody agreement. In essence, she contends that the consent judgment is a contract between the parties which requires Mr. Aymami to pay a certain sum for child support whether or not Ms. Aymami had actual physical custody of the children. Moreover, she contends that the agreement, if ambiguous as to this contention, should be construed against its drafter, Mr. Aymami. We do not agree.
*64 The May 13, 1983 consent judgment provided that:
plaintiff, Richard J. Aymami, shall pay child support to the defendant, Linda Boudousquie Aymami, in the amount of $20.00 per day for every day that the defendant has custody and control of the minor children, Jeremy Aymami and Ian Aymami, the said amount payable every week upon the return of the children to the custody and control of the plaintiff Richard J. Aymami.”
This provision, an order of the court, is very-clear in its intent. It provides that when Ms. Aymami had custody of the children, she was to receive the agreed upon support. As she did not have custody, the court order clearly exempts Mr. Aymami from paying child support. Thus, the appellant’s contention is without merit. However, this provision must be read in context with the judgment’s other provisions, which provided that appellant was to have custody of the children at certain specified times. Considering only the judgment’s provisions, Mr. Aymami did defy the trial court’s order and under normal circumstances should have been held in contempt thereof. However, as previously discussed, the trial court found, as do we, that the best interests of the children were served by withdrawing Ms. Aymami’s right of custody. We find that the trial court did not err.
For the above and foregoing reasons, judgment of the trial court is hereby affirmed. Costs are to be paid by appellant, Ms. Linda B. Aymami. ,
AFFIRMED.