538 So.2d 317 (1989)
Marion TERRY, Plaintiff-Appellee,
v.
Carl GUILLORY, et al., Defendants-Appellants.
No. 87-1186.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
Rehearing Denied March 8, 1989.
*318 William Ford, Alexandria, for plaintiff/appellee.
Gist, Methvin, Hughes & Munsterman, George Gaiennie, III, Alexandria, for defendant/appellant.
Patrick L. Durusau, Jena, for defendant/appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOMENGEAUX, Judge.
Marion Terry commenced these proceedings to recover a $6,000.00 deposit she had placed towards the possible purchase of a mobile home. Terry named as the defendants: (1) Guillory & Son Mobile Home Sales, Inc. (Guillory & Son), the mobile home retailer to whom she had given the deposit; (2) Carl Guillory, Sr., the sole shareholder of Guillory & Son; (3) Carl Guillory, Jr., the son of Carl Guillory, Sr.; and, (4) United States Fidelity & Guaranty Co. (USF & G) the surety company which had issued a $10,000.00 bond to Guillory & Son in accordance with the provisions of La.R.S. 32:718(D) (1950) (amended 1968, 1970, 1976, 1981 and 1983)[1].
Terry maintained entitlement to judgment on the grounds that she did not purchase a home and that she had been advised by the Guillory & Son sales representative that her deposit would either be applied towards the purchase price of a home or returned to her. She sought judgment against Guillory & Son because the corporation was the legal entity with whom she had negotiated, through its agent the sales representative, for the possible purchase. The plaintiff also alleged that Guillory & Son was merely a facade of a corporation amounting to nothing more than the alter egos of Carl Guillory, Sr. and Carl Guillory, Jr. Terry sought judgment against USF & G on the grounds that R.S. 32:718(D), as in effect on October 4, 1985, the date she placed her deposit with Guillory & Son, and the surety bond issued in accordance with the requirements of the statute, provided for recovery.
*319 The Trial Court rendered judgment in favor of Terry and against Carl Guillory, Sr. and USF & G, in solido, for $6,000.00, plus legal interest from the date of judicial demand. The demand against Carl Guillory, Jr., who was determined not to be a shareholder or the holder of any interest in Guillory & Son, was dismissed.
The Court found that Guillory as the sole shareholder of Guillory & Son operated his corporation as merely his alter ego and that the corporate shield of limited liability should not be permitted to deny Terry justice. The Judge concluded that Guillory had been unscrupulous in his dealings with Terry and that he had made fraudulent misrepresentations to her through his salesman.
The Trial Judge was also of the opinion that R.S. 32:718(D), mandating the purchase of a bond, and the actual bond issued to Guillory & Son, were intended by the Legislature to protect persons in the position of the plaintiff. The Court cited as authority the case of Daigle v. Oakwood Homes, Inc., 460 So.2d 51, 52 (La.App. 1st Cir.1984), in which the First Circuit opined that R.S. 32:718(D) was "designed to protect... purchaser[s] from unscrupulous motor vehicle dealer[s]."
USF & G elected to appeal the Trial Judge's decision and has assigned two errors. The appellant maintains:
(1) The Trial Court was manifestly erroneous in concluding that Carl Guillory, Sr. falsely and fraudulently misrepresented to Terry that her deposit would be returned if she did not purchase a mobile home; and
(2) The Trial Court erroneously interpreted the Motor Vehicle Dealer's Act and the surety bond to provide coverage for the loss of Terry's funds.
The initial issue on appeal calls into question the Trial Judge's conclusion that Carl Guillory, Sr. falsely and fraudulently misrepresented to Terry that her $6,000.00 deposit would be returned to her if she did not purchase a home. Subsequent to a review of the evidence, we do not believe that the Trial Judge was manifestly erroneous. Virgil v. American Guarantee & Liability Insurance Co., 507 So.2d 825 (La. 1987); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The evidence reveals that Carl Guillory, Sr. used his position as the sole shareholder of Guillory & Son to manipulate the corporation for his personal advantage and that his actions constituted false and fraudulent misrepresentations. The record indicates that Guillory, through his salesman, misled Terry to believe that she would be returned her $6,000.00. The "Stipulation of Facts" and the deposition of Guillory disclosed that Guillory co-mingled the plaintiff's deposit with the business accounts, used the plaintiff's money to repay "advances" he had made to the corporation and that the corporation was near insolvency when Terry tendered her deposit.
The second issue on appeal challenges the Trial Judge's interpretation of the surety bond. The Trial Judge, relying upon the Daigle decision, concluded that the intent of R.S. 32:718(D), mandating statutory bonds for motor vehicle dealers, was intended to protect the public from disreputable dealers. The Court then concluded that the language of the bond paralleled the statute and rendered a decision for the plaintiff.
We find no error in the First Circuit's Daigle decision, but do not believe it is applicable to the instant case. R.S. 32:718(D) had been amended prior to the time Terry's cause of action arose and the language of the statute was substantially different from the legislation interpreted by the Daigle Court. Prior to the relevant amendment, Section 718(D) read, in part:
"Such bond ... shall be conditioned that the dealer shall comply with the conditions of any written contract made by such dealer in connection with the sale or exchange of any motor vehicle and shall not violate any of the provisions of this Chapter or any other law of Louisiana in the conduct of the business for which he is licensed."
Subsequent to being amended and applicable to the instant case, the statute read, in part: *320 Such bond ... shall be conditioned to pay all loss, damages, and expenses that may be occasioned by reason of the failure of title or by reason of any fraudulent misrepresentation and/or breaches of warranty as to freedom from liens.
We believe that the applicable version of Section 718(D) greatly reduced the basic coverage mandated by the statute.
The specific language of the bond in issue provides that:
The principal shall pay or cause to be paid all loss, damages and expenses that may be occasioned by reason of the failure of title or by reason of any fraudulent misrepresentation and/or breaches of warranty as to freedom from liens.
Although the bond does make reference to "fraudulent misrepresentation[s]", we believe that for the plaintiff to recover pursuant to that clause the fraudulent misrepresentation must have related to the absence of liens on the property. We do not believe that the statute or the bond, which appears to have been supplied by the Louisiana Department of Public Safety Office of Motor Vehicles, was intended to cover any and all misrepresentations. We must, therefore, reverse this aspect of the City Court decision.
It is because the lower Court misinterpreted the statute and subsequently the bond that we believe the appropriate course of action is for this case to be remanded to the City Court to determine if there were any liens on the mobile home Terry intended to purchase. La.Code Civ.Proc. art. 2164 (1950). The purpose of the amended statutory bond requirements of Section 718(D) was to enable mobile home purchasers to obtain unencumbered property. Should evidence reveal that the particular mobile home was encumbered, we believe that any representation that Terry could have purchased the home free from liens would trigger the liability of the surety.
For the above and foregoing reasons the judgment of the City Court is affirmed-in-part, reversed-in-part and remanded for further proceedings consistent with this decision.
All costs of this appeal are assessed: one-half to USF & G and one-half to Marion Terry.
AFFIRMED-IN-PART; REVERSED-IN-PART; AND REMANDED.
STOKER, J., concurs in part and dissents in part and assigns written reasons.
STOKER, Judge, concurring in part and dissenting in part.
I fully concur in the holding in this case with reference to what is within the coverage of the bond and the statute governing the bond. According to the evidence in this case the plaintiff simply changed her mind and decided not to purchase. These facts did not establish bond coverage. The case has been tried and closed. The plaintiff is not entitled to a new trial to show some facts other than those pleaded and shown at trial. Consequently, I dissent from the decision to remand the case for new or additional evidence. I sympathize with the plaintiff, but she has had her day in court. Therefore, I concur in part and dissent in part.
NOTES
[1] R.S. 32:718 was subsequently repealed by Acts 1984, No. 733.