KLIEBERT, Judge.
Western Surety Company (Western), appellant, perfected a suspensive appeal from a grant of a partial summary judgment on a motion filed by Pontchartrain State Bank (Pontchartrain), appellee, in a concursus proceeding.[1] The concursus was initiated by Western, the surety under a $10,000.00 bond furnished by John E. Piotrowski, a used car dealer, to satisfy the requirements of LSA-R.S. 32:774(G). The summary judgment declared the losses sustained by Pontchartrain on overdrawn checking accounts maintained by Piotrowski with Pontchartrain were covered by the bond issued to Piotrowski by Western. For the reasons hereafter stated, we set aside the trial court ruling declaring the claim made by Pontchartrain is covered under the bond and remand the case to the trial court for further proceedings.
Western issued the bond to the State of Louisiana through the Louisiana Used Motor Vehicle and Parts Commission as surety for Piotrowski, the principal. The bond was issued to enable Piotrowski to meet the licensing requirements of LSA-R.S. 32:774(G), part of Chapter 4-B, Used Motor Vehicle Dealers and Marine Product Dealers. This section reads in pertinent part as follows:
“(1) Every person, firm, or corporation before being licensed hereunder shall show proof of responsibility by depositing with the commission a continuing bond in the amount of ten thousand dollars with surety thereon of a company authorized to do business in the state, which bond shall be approved by the commission, payable to the state of Louisiana through the commission, and shall be conditioned upon faithful observance of all laws relating to the proper disposition of license, tags, or title and shall also indemnify any person who suffers any loss by reason of a failure to observe the provisions of the law relating to sales tax, license, tags, or title and shall also indemnify any person who suffers any loss, damages, and expenses by reason of a failure to deliver title and for the proper disposition of all taxes, licenses, and registration fees.”
The motion for summary judgment filed by Pontchartrain states “... the pleadings *441 and documents annexed hereto show that there are no genuine issues of material fact regarding the statutory entitlement of Pontchartrain State Bank Company to its claim against the surety of John B. Pio-trowski d/b/a Jefferson Auto Brokers.” It prayed for partial summary judgment on the issue of coverage as permitted by Louisiana Code of Civil Procedure Article 966(C). Although we have made a careful review of the record we find no such pleadings or other documents attached to the motion; nor do we find affidavits, pleadings, depositions, answers to interrogatories initial by or filed by Pontchartrain to establish the facts on which it based its claim.
Pontchartrain was brought into the litigation by Western amending its petition for concursus to add Commercial Bank (now Pontchartrain) to the litigation. This amended petition contained only the following allegation:
“In April, 1988 Commercial Bank filed a claim against Western in the amount of $42,129.64, for funds allegedly owed Commercial Bank by Piotrowski. Western denies any and all liability for this claim.”
In its answer Pontchartrain admitted the allegation.
In support of its motion for summary judgment, Western submitted the affidavit of Leann Niebuhr, its claim representative, which provided in part: “That a true copy of the April 15, 1988 letter sent by Marc C. Dorsey to Western is attached hereto as exhibit B.” The Exhibit B letter was as follows:
*442 [[Image here]]
Code of Civil Procedure Article 966 reads as follows:
“A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
*443 C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.”
Summary judgment motion is properly granted only if there is no genuine issue of material facts considering the pleadings and other documents of record. Oller v. Sharp Electric, Inc., 451 So.2d 1235 (4th Cir.1984), writ denied (457 So.2d 1194). Further, a motion for summary judgment should be granted only if pleadings, depositions, answers to interrogatories and admissions on file, and affidavits show there is no genuine issue as to material fact and mover is entitled to judgment as a matter of law. Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193 (5th Cir.1984), writ denied, 457 So.2d 11 (La.1984). The burden of proof in motion for summary judgment is on mover to establish there are no genuine issues of material fact and this burden is a great one, as only when reasonable minds must inevitably concur is summary judgment warranted and any doubt should be resolved in favor of trial on the merits. Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (2nd Cir.1984).
Counsel for Western contends the legislative intent in requiring the posting of a surety bond under LSA-R.S. 32:774(G) was to protect the “ultimate purchaser” and not the financial institution from indirect losses and cites Chrysler Credit Corporation v. United States Fidelity & Guaranty, 543 So.2d 642 (1st Cir.1989) in support of her contentions. More specifically, she argues the statute (above quoted) provides for losses incurred only when a party purchases a vehicle from a motor vehicle dealer and the principal fails to deliver title. Further, she contends Pontchartrain’s loss occurred because it permitted Piotrowski to draw on its accounts before the checks had cleared the maker bank and before the drafts were presented for payment, thus, Pontchartrain’s loss was due to its own action, not Piotrowski’s action in failing to deliver title. On the other hand, counsel for Pontchartrain argues that under a literal reading of the bond issued by Western (the bond tracts the language of the statute) one of its purposes is to indemnify any person for any loss sustained due to the failure to deliver title. Thus, since it is a person and has sustained a loss, it is covered.
The cases cited by Western are not applicable to the case before us. Those cases concerned different statutory language and how certain causes of action (redhibition, tortious conversion) were affected by the applicable statute. Further, although the court in Chrysler Credit Corporation v. United States Fidelity & Guaranty, supra, found the bond at issue in that case was not intended to protect financial institutions in their floor plan mortgage, the circumstances there were different from those we are here confronted with. Here, not only is a floor plan mortgage not at issue, but a different statute containing different coverage language is involved and needs to be interpreted. The issue posed here is actually res nova.
Whether there is coverage under the bond for the claims of Pontchartrain requires first a factual determination as to whether Pontchartrain’s losses are due to the failure of the principal, Piotrowski, to deliver title or some other cause, i.e., the bank permitting premature and perhaps illegal withdrawals.
The record before us does not contain sufficient facts upon which to make the necessary factual conclusion. Apparently, sensing that requirement, counsel for Western in connection with its own motion for summary judgment filed at Record page 176 a “STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED.” Apparently it was filed with the intention of obtaining an admission or stipulation as to facts stated in the document. However, we found no such admission or stipulation.
Counsel for Pontchartrain argues there was a stipulation as to material facts and points to Record page 235[2] in support of *444 his contention. As we read the cited record, Western’s counsel offered to stipulate to any facts, but no stipulation was actually entered into.
Moreover, the nature of the issue, i.e., whether there is coverage is best determined after a trial to determine the material facts causing the loss, rather than by summary judgment.
For the reasons stated therefore we set aside the trial court’s grant of Pontchartrain’s motion for summary judgment and remand for further proceedings. Each party to bear its own cost.
SET ASIDE AND REMANDED

. Western had also filed a motion for a summary judgment declaring the losses sustained by Pontchartrain were not covered by the bond. The judgment appealed from, however, made no mention of this bond; nor did Western answer the appeal or cross appeal.

. Statement by Western's counsel:
'For purposes of this motion, Judge, I’m willing *444 to stipulate that Mr. Piotrowski knowingly issued worthless checks. I think some of the defendants have raised it as an issue of fact, but I’ll stipulate to it. And I’ll stipulate to any other issues of fact that the defendants might raise, because I think we're dealing solely with an issue of law, here.”