560 So.2d 469 (1990)
Patricia Byrd CAMP
v.
John Bliss CAMP.
No. CA 89 0225.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
Writ Denied June 1, 1990.
Alex W. Wall, Jr., Baton Rouge, for plaintiff-appellee, Patricia B. Camp.
*470 Mary Oliver Pierson, Baton Rouge, for defendant-appellant, John B. Camp.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
Appellant, John B. Camp, appeals from a judgment denying his rule to decrease permanent alimony, granting what he contends was an inadequate reduction in child support and ordering him to pay child support arrearages and certain medical expenses.

FACTS
On May 29, 1986, a judgment of divorce was rendered between John Bliss Camp and Patricia Byrd Camp. This consent judgment granted the parties joint custody of their two minor sons, with Patricia Camp being designated as the primary domiciliary parent. The judgment ordered John Camp to pay $1,000.00 permanent alimony and $1,500.00 child support monthly. It further provides that he would assume all community obligations except those due on a 1985 station wagon and the mortgage payment on the family home, exclusive use of which was granted to Patricia Camp.
Subsequently, on March 18, 1988, John Camp filed a rule for reduction of child support and permanent alimony. On that same date, Patricia Camp filed a rule for arrearages and contempt. These rules were heard on April 12, 1988, with an oral judgment being rendered on June 2, 1988.
Written judgment was signed on July 18, 1988, granting a reduction in child support from $1,500.00 to $1,000.00 per month and denying Patricia Camp's rules for contempt and for arrearages. John Camp was ordered to pay one-half of all of the childrens' unreimbursed medical expenses. The judgment was silent as to John Camp's request for a reduction in permanent alimony. Both parties filed timely motions for new trial.
In the meantime, John Camp had also filed a "Rule for Contempt, to fix Arrearages and for Declaratory Judgment" contending that Mrs. Camp had not fulfilled her obligations under the divorce judgment. In response, Patricia Camp filed exceptions of unauthorized use of summary proceedings, no right of action and lis pendens.
A hearing was held on August 23, 1988, on the parties' motions for new trial, John Camp's rule and Patricia Camp's exceptions. The court took the matter under advisement then rendered a new judgment on October 11, 1988, implicitly granting the parties' motions for new trial. The new judgment ordered John Camp to pay Patricia Camp $1,660.00 in child support arrearages, dismissed both parties' rules for contempt and denied John Camp's request for a "decrease in support". The court also sustained Patricia Camp's exceptions of unauthorized use of summary proceedings and no right of action to John Camp's rule for declaratory judgment and to fix arrearages.
John Camp now appeals this judgment alleging the following specifications of error:
1. The trial court erred in failing to find a significant change in circumstances warranting a reduction in permanent alimony.
2. The court erred in not finding a significant change in circumstances warranting a decrease in child support greater than $500.00 per month.
3. The court erred in sustaining the exception of unauthorized use of summary proceedings filed by Patricia Camp.
4. The court erred in sustaining the exception of no right of action filed by Patricia Camp.

DISCUSSION
Before considering the alleged errors raised by appellant, we note that he has indicated some uncertainty as to the effect of that portion of the lower court's second judgment which denied his request for a "decrease in support". Appellant questions whether this ruling applies only to his request for a decrease in alimony or whether it also applies to his request for a decrease in child support, thereby vacating the reduction originally granted. We interpret *471 the questioned language in the new judgment as referring only to John Camp's request for a reduction in permanent alimony. The second judgment did not have the effect of vacating the $500.00 per month reduction in child support granted in the original judgment. We reach this conclusion based primarily on the fact that Patricia Camp's motion for new trial was specifically limited to the issues of arrearages and contempt. She did not seek a new trial as to that portion of the judgment granting a reduction in child support. For these reasons, the portion of the original judgment ordering a reduction in child support remained viable even after the rendition of the new judgment.
John Camp argues on the merits of this appeal that the trial court erred in denying a decrease in alimony and in granting a reduction in child support in the amount of only $500.00 per month. To modify a judgment or consent decree awarding alimony and child support, the party seeking the modification bears the burden of showing there has been a substantial change in circumstances of one, or both, of the spouses. La.R.S. 9:311; Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982). Further, the trial court has great discretion in determining alimony and child support payments and its judgment will not be disturbed on appeal in the absence of a clear abuse of discretion. Aymami v. Aymami, 460 So.2d 61 (La.App. 1st Cir.1984).
In the instant case, the change in circumstances relied on by John Camp to support a reduction in child support was the fact that the parties' elder son had moved into John Camp's house. After considering all the evidence presented, we find no abuse of discretion in the $500.00 per month child support reduction ordered by the trial court. The fact that one of the parties' sons moved from his mother to his father's household is a substantial change in circumstances justifying the reduction ordered. However, we do not believe a greater reduction was justified as urged by appellant, since the evidence showed that Mrs. Camp continued to pay many, if not most, of her son's expenses even while he was living with his father. Accordingly, we affirm that portion of the lower court judgment reducing child support to $1,000.00 per month.
We will now consider John Camp's argument that the trial court erred in denying his request for a decrease in alimony. The basis of his request was the discontinuation of payments by Patricia Camp of a $1,800.00 per month house note which she agreed to pay at the time of the parties' 1986 divorce. The payment of this note was a significant factor in the 1986 consent judgment the parties reached setting permanent alimony at $1,000.00 and child support at $1,500.00 per month.
Patricia Camp acknowledged she stopped making house payments in November, 1987, explaining she was financially unable to continue making them. At the time of the hearing on April 12, 1988, she was making no house payment nor paying any rent, although continuing to live in the family home. She has no plans to resume the original house payments. In opposition to appellant's rule to reduce alimony, Patricia Camp testified that many of her expenses have increased since the rendition of the parties' 1986 divorce judgment.
We have carefully examined all of the evidence presented herein, including Patricia Camp's statement of monthly expenses. In examining this expense list and Patricia Camp's testimony, it is immediately apparent that several of the largest increases in her monthly expenses were attributable to purchases she made after the divorce which were not necessary for her "maintenance" (e.g. new carpet, new furniture). Under La.C.C. art. 160 a spouse's entitlement to permanent alimony is limited to an amount sufficient for that spouse's "maintenance", which basically includes reasonable expenses for food, clothing, shelter, transportation, utilities, household expenses and income tax liability generated by alimony payments. Fusilier v. Fusilier, 464 So.2d 1068 (La.App. 1st Cir.1985). While Patricia Camp's expense statement does reflect some increases in allowable expenses, these increases are relatively insubstantial *472 in comparison to the discontinuation of the $1,800.00 per month house payment.
In view of all of the circumstances, we conclude that the trial court clearly abused its discretion in denying a decrease in permanent alimony. An overall decrease in living expenses of the magnitude shown to have occurred herein constitutes a very substantial change in circumstances, warranting a modification of the original alimony order. Considering all the facts present, we find that a decrease in permanent alimony to $500.00 per month is appropriate.
Appellant also argues the trial court erred in sustaining Patricia Camp's exceptions of unauthorized use of summary proceedings and no right of action.[1] We disagree.
The exception of unauthorized use of summary proceedings filed by Patricia Camp was directed toward John Camp's request for a judgment declaring that the 1986 divorce judgment imposed an obligation upon her to pay the house note on the former community home. The trial court correctly sustained this exception. A suit for declaratory judgment must be brought as an ordinary proceeding. La.C. C.P. art. 1871 et seq.; C.O.S.T. v. St. Landry Parish School Bd., 528 So.2d 1048, 1053 (La.App. 3rd Cir.1988).
Further, we find no error in the trial court sustaining Patricia Camp's exception of no right of action with regard to John Camp's rule for arrearages. An exception of no right of action raises the issue of whether the plaintiff belongs to the particular class for which the law grants a remedy for a particular grievance. In re G.E.T., 529 So.2d 524 (La.App. 1st Cir. 1988).
Even assuming for the sake of argument, that the divorce judgment affirmatively ordered Patricia Camp to pay the house note, it certainly did not order payment of this obligation to John Camp. Thus he clearly had no right to bring an action for arrearages based on this judgment, assuming arguendo that such an action even existed.[2]

CONCLUSION
For the above reasons, that portion of the trial court judgment denying John Camp's rule for a decrease in permanent alimony to Patricia Camp is reversed and it is hereby ordered that his obligation to pay permanent alimony is decreased to $500.00 per month. The judgment appealed from is affirmed in all other respects. Each party is to pay one-half of the costs of this appeal.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
NOTES
[1] John Camp also complains that the trial court erred in dismissing his rule for contempt on Patricia Camp's exceptions. However, we intrepret the court's October 31, 1988 judgment as dismissing this rule for contempt on its merits, rather than on the exceptions filed by Patricia Camp. Further, on the record before the court, we find no error in this dismissal.
[2] This conclusion is not meant to imply that Patricia Camp did not have an obligation vis a vis John Camp to pay the house note. In fact, we believe that she did. All we are holding herein is that he does not have a right to enforce this obligation through a rule for arrearages in the present context.