KLIEBERT, Chief Judge.
Western Surety Company, appellant/plaintiff-in-concursus, (Western) appeals a judgment in favor of plaintiff, Jay Price d/b/a Jay’s Auto Brokerage (Price) and other defendants in a concursus proceeding (collectively “claimants”). The concursus was initiated by Western, the surety under a $10,-000.00 bond furnished by John E. Piotrowski, a used car dealer, to satisfy the requirements of LSA-R.S. 32:774(G). Plaintiff, Price, filed this suit against Piotrowski and Western in the amount of $7,500.00, representing funds allegedly loaned by Price to Piotrowski to allow the latter to purchase used cars. When Piotrowski’s repayment cheeks were returned due to insufficient funds, Price filed suit claiming coverage for his losses under Western Surety’s bond. Western subsequently filed a petition and supplemental petitions for concursus, naming as defendants those parties who had also filed claims under the bond in connection with alleged wrongdoings of Piotrowski.[1]
In a previous opinion, Price v. Piotrowski, 557 So.2d 439 (5th Cir.1990), this court reversed the trial court’s grant of partial summary judgment in favor of one defendant-in-concursus, Pontchartrain Bank,[2] and remanded for further proceedings. After trial on the merits, the trial court found that the claimants’ losses were covered under Western’s statutory bond. Thereafter, Western perfected this suspensive appeal. Their sole assignment of error is that the claimants’ losses are not covered under the terms of *2 Western’s bond. For the following reasons, we reverse the judgment of the trial court.
Western issued the bond to the State of Louisiana through the Louisiana Used Motor Vehicle and Parts Commission as surety for Piotrowski, the principal. The bond was issued to enable Piotrowski to meet the licensing requirements of LSA-R.S. 32:774(G), part of Chapter 4-B, Used Motor Vehicle Dealers and Marine Product Dealers. This section reads in pertinent part as follows:
G. (1) Every person, firm, or corporation before being licensed hereunder shall show proof of responsibility by depositing with the commission a continuing bond in the amount of ten thousand dollars with surety thereon of a company authorized to do business in the state, which bond shall be approved by the commission, payable to the state of Louisiana through the commission, and shall be conditioned upon faithful observance of all laws relating to the proper disposition of license, tags, or title and shall also indemnify any person who suffers any loss by reason of a failure to observe the provisions of the law relating to sales tax, license, tags, or title and shall also indemnify any person who suffers any loss, damages, and expenses by reason of a failure to deliver title and for the proper disposition of all taxes, licenses, and registration fees. (Emphasis supplied).
On appeal, Western argues that the claimants’ losses are not covered by the bond because such losses do not result from Pio-trowski’s failure “to observe the provisions of the law relating to sales tax, license, tags, or title” or his “failure to deliver title and for the proper disposition of all taxes, licenses, and registration fees.” Rather, it was shown that plaintiffs losses occurred when Piotrow-ski repaid a cash loan with several NSF checks. Likewise, defendants-in-concursus (all automobile dealerships) sold used automobiles to Piotrowski, whose checks in payment were returned by his bank due to insufficient funds.
Plaintiff and defendants-in-concursus argue, however, that their losses are covered because Piotrowski used the funds to purchase automobiles. Levis contends that Pio-trowski’s acts violated both the letter and spirit of LSA-R.S. 32:774(G) in that he obtained title to these vehicles without “purchasing” them since his checks were returned due to insufficient funds.
As we recognized in our previous opinion, the issue posed here, i.e., whether the claimants’ losses are covered under Western’s statutory bond, is res nova. However, this court also recognized that whether there was coverage under the bond for the claimants’ losses required a factual determination as to whether the losses were due to the failure of Piotrowski to deliver title, or some other cause. As mentioned above, the claimants’ losses were not caused by Piotrowski’s failure to deliver title, but were caused by his checks being returned due to insufficient funds.
Statutory bonds must be strictly construed. Daigle v. Oakwood Homes, Inc., 460 So.2d 61 (1st Cir.1984). The plain wording of LSA-R.S. 32:774(G) shows that the bond is not meant to cover any loss sustained by any person, but only those specifically caused by the principal’s failure to observe the provisions of the law relating to sales tax, license, tags, or title and/or his failure to deliver title and for the proper disposition of all taxes, licenses, and registration fees. We agree with Western’s argument that the bond only covers those losses sustained by those to whom Piotrowski owed a duty to deliver title. Since it was factually established that the claimants’ losses stemmed from other legal violations of Piotrowski, we hold that the statutory bond in question is meant only to indemnify those parties to whom the principal owes a duty to deliver title, i.e., the ultimate consumer, and not other car dealerships from whom the principal has purchased cars. Contrary to claimants’ arguments, it is not enough that the parties sustain losses buying and selling automobiles, but those losses must comply with the specific provisions of LSA-R.S. 32:774(G).
Although not directly applicable to the case at bar, we are persuaded by other courts who have strictly construed the provisions of motor vehicle statutory bonds to narrowly limit the circumstances under which the plaintiff can recover. See Chrysler *3 Credit Corporation v. USF & G Co., 543 So.2d 642 (1st Cir.1989). (Motor vehicle dealer fidelity bonds (LSA-R.S. 32:1254(M)(3)) were intended to protect ordinary consumers in the purchase or exchange of automobiles with dealers and did not provide indemnity to an automobile finance company when the company’s funds were tor-tiously converted by the owners of dealerships in direct derogation of the terms and agreements of a floor plan mortgage); and Terry v. Guillory, 538 So.2d 317 (3rd Cir.1989). (For the plaintiff to recover against a surety company under the fraudulent misrepresentation provision of a bond issued pursuant to the Motor Vehicle Dealer’s Act, the fraudulent misrepresentation must have related to the absence of liens on the property. LSA-R.S. 32:718(D) (repealed)).
Accordingly, for the reasons herein represented, the judgment of the trial court is reversed.

REVERSED.

. Defendants in concursus are: Price, Benson Dodge d/b/a Benson Gentilly Dodge, Bailey Lincoln Mercury, Inc., Mcllwain Cadillac, Wilard E. Robertson Imports, Robert Levis, Inc., and Pontchartrain State Bank.

. On appeal, FDIC, the successor in interest to Pontchartrain Bank, moved to dismiss its claims against Western, with prejudice. This motion was granted and therefore they are not party to this appeal.