This is an appeal from a summary judgment entered in favor of the defendant, Wayne Gargus Pontiac-GMC Truck, Inc. ("Gargus").
Initially, we note that to enter a summary judgment, the trial court must determine that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.;Silk v. Merrill Lynch, Pierce, Fenner Smith, 437 So.2d 112
(Ala. 1983). For cases filed after June 11, 1987, Rule 56 is read in conjunction with the "substantial evidence rule," §12-21-12, Ala. Code 1975. See Bass v. SouthTrust Bank ofBaldwin County, 538 So.2d 794, 797-98 (Ala. 1989). To defeat a properly supported motion for a summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
The following facts are undisputed: The plaintiff, Virginia Merritt, negotiated with Gargus for the purchase of a new Pontiac Bonneville automobile. Merritt and Gargus made several attempts to secure financing for Merritt in order to enable her to purchase the vehicle. The process of attempting to obtain financing extended for several days, during which time Gargus allowed Merritt to take the vehicle home with her. After having failed to obtain financing to purchase the car, Merritt agreed to attempt to obtain financing to lease the car.
At this juncture, the facts become disputed. Merritt alleges that she signed a lease agreement, while Gargus contends that she signed a lease application only. Merritt also alleges that she was informed by several Gargus employees that she had been approved for financing. Merritt, however, does not dispute Gargus's claim that her application for financing was ultimately rejected, regardless of whether or not certain employees had informed her otherwise. Both parties agree that Merritt provided Gargus with a down payment for the lease, and that this down payment consisted of two post-dated checks of $1,000 each. It is undisputed that Gargus returned these checks to Merritt uncashed.
The parties also agree that Gargus allowed Merritt to take the car home with her again on the final day of negotiations — the day that she agreed to lease the vehicle. It is undisputed that she did not possess either title to the car or any other right of ownership. On the following day, a Gargus employee telephoned Merritt and explained that she had not been approved for financing and that, as a result, she should return the car. Merritt refused to return the car and informed the Gargus employee that if he came to retrieve the car, she would release it only "under protest." The employee went to her house and she gave him the keys to the car.
Merritt filed a two-count complaint against Gargus, seeking damages for of (1) conversion and (2) negligence or wantonness. The trial court entered a summary judgment for Gargus. Merritt appealed to the Alabama *Page 342 
Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Merritt argues that she had presented substantial evidence to support her claim of conversion and that the trial court therefore erred in entering the summary judgment on the conversion claim. A conversion consists of a "wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, where said plaintiff has general or special title to the property or the immediate right to possession."Ott v. Fox, 362 So.2d 836, 839 (Ala. 1978).
It is undisputed that Merritt was not approved for financing and that her post-dated checks totalling $2,000 were returned to her uncashed on the day that her application for financing was denied. Because Merritt was not approved for financing, the lease agreement was never finalized and she did not have title to the car or an immediate right to possession of the car. This is true regardless of whether she actually signed a lease agreement or whether she was misinformed by dealership employees as to the status of her quest for financing. Thus, even if Merritt's allegations are true, she did not produce substantial evidence to support her claim of conversion. Therefore, the trial court properly entered the summary judgment as to this claim.
Merritt also argues that the trial court improperly entered the summary judgment on her claims of negligence and wantonness. These claims formed count II of her complaint. The trial court's summary judgment on these claims stated that Gargus's summary judgment motion as to "[c]ount II is due to be granted with consent of the Plaintiff." The Supreme Court has held that " 'a party cannot appeal from a judgment to which he has consented.' " Sokol v. Bruno's, Inc., 527 So.2d 1245, 1247
(Ala. 1988), quoting City of Bessemer v. Brantley, 258 Ala. 675,682, 65 So.2d 160, 166 (1953). Therefore, the summary judgment is affirmed as to count II.
Although we affirm the trial court's judgment as to Merritt's claims of negligence and wantonness for the above-stated reasons, we also note an additional ground supporting our affirmance; namely, that Merritt failed to properly appeal from the judgment as to count II. Indeed, Merritt's notice of appeal specifically refers to the conversion claim as the only issue on appeal. Notices of appeal are not intended to prevent appeals based on technicalities. Threadgill v. Birmingham Bd.of Education, 407 So.2d 129, 132 (Ala. 1981). However, the Alabama Supreme Court has held that when the appellant notices the appeal of a particular judgment or of a particular part of that judgment, then the appellate court does not have jurisdiction to review other judgments or issues that are not expressly referenced or are not impliedly intended for appeal.Id.
In addition, Merritt argues that the trial court improperly entered a summary judgment on her claim of spoliation or suppression of evidence. However, the trial court did not grant a summary judgment on such a claim; she had made no such claim. Merritt made no spoilation claim in her complaint and this claim is not addressed in Gargus's motion for summary judgment, in Merritt's response to that motion, or in any other filing. In fact, no claim of spoliation or suppression of evidence appears anywhere in the record. It is well settled that we are limited to a review of the record and the issues raised therein and that we will not consider issues raised for the first time on appeal. Owens v. National Bank of Commerce, 608 So.2d 390
(Ala. 1992); Kemp Motor Sales, Inc. v. Lawrenz, 505 So.2d 377
(Ala. 1987). Therefore, we cannot address Merritt's arguments regarding this claim.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, and YATES, JJ., concur.
CRAWLEY, J., concurs in the result only. *Page 343