I concur fully in the main opinion. I write simply to note that although "[i]t is well-settled law in this State that the interpretation of a statute begins with the plain language of the statute itself," Housing Auth. of Huntsville v.Hartford Accident Indem. Co., 954 So.2d 577, 582
(Ala. 2006), the statute in this case is silent as to whether the Perkinses have a claim for restitution from Fausnight. When a statute is silent, this Court will look outside of the plain language of the statute to determine the intent of the legislature. See, e.g., Ex parte Baron Servs., Inc.,874 So.2d 545, 549 (Ala. 2003) ("The statute is silent on the application of a marketability discount. Therefore, we are forced to look outside the language of the statute to determine what the Legislature intended."); Old Republic Sur. Co. v.Auction Way Sales, Inc., 733 So.2d 878, 880
(Ala.Civ.App. 1997) ("The statute is silent as to whether it applies outside the territorial jurisdiction of Alabama; therefore, in our review, we must rely on the cardinal rule of statutory interpretation: to determine and give effect to the intent of the legislature as manifested in the language of the statute." (citing Ex parte State Dep't of Revenue,683 So.2d 980, 983 (Ala. 1996))).